

1  Thomas G.F. Del Beccaro (California Bar #132351)
   **Del Beccaro, Hornsby & Blake**
2  800 So. Broadway, Suite 301
   Walnut Creek, California 94596
3  Telephone: (925) 280-4487
   Facsimile: (925) 284-2015
4
   Robert R. Pohls (California Bar #131021)
5  Stacey L. Leask (California Bar #233281)
   **Pohls & Associates**
6  12657 Alcosta Boulevard, Suite 150
   San Ramon, California 94583
7  Telephone: (925) 973-0300
   Facsimile: (925) 973-0330
8
   Attorneys for Plaintiff **Ernest C. Wheeler**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST C. WHEELER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMERGENCY MANAGEMENT AGENCY,<br><br>Defendant. | Case No. **SBA**<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. §2000e, et seq.) AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (29 U.S.C. §621, et seq.)**<br><br>*JURY TRIAL DEMANDED* |

   Plaintiff Ernest C. Wheeler ("Mr. Wheeler") complains of defendant Michael Chertoff, Secretary, Department of Homeland Security, Federal Emergency Management Agency ("FEMA") as follows:

### JURISDICTION AND VENUE

   1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. Section 2000e, et seq. (amended in 1972, 1978, and by the Civil Rights

COMPLAINT FOR DAMAGES                                                                                          Page 1

Act of 1991) and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. Section 621, et seq. (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986).

2. Pursuant to 28 U.S.C. Section 1331, federal jurisdiction exists in this case because this action arises under the laws of the United States.

3. Mr. Wheeler is, and at all times mentioned in this complaint was, a resident of the City of Walnut Creek in Contra Costa County, California.

4. Pursuant to 28 U.S.C. Section 1391, venue therefore is proper in the Northern District of California because Mr. Wheeler resides within the Northern District of California. Mr. Wheeler is informed and believes, and on that basis alleges that, pursuant to 42 U.S.C. Section 2000e-5(f)(3), venue also is proper within the Northern District of California because Mr. Wheeler would have worked in the Northern District of California but for the alleged unlawful employment practices described herein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

4. Mr. Wheeler incorporates by this reference all of the allegations in paragraphs 1 through 3 of this Complaint as though they were fully set forth herein.

5. On or about November 26, 2001, Mr. Wheeler was hired by FEMA as a Disaster Assistance Employee ("DAE") under the Robert T. Stafford Disaster and Emergency Relief Act. Mr. Wheeler was hired as a Safety Officer, C-1 level, and assigned to the Headquarters Safety Cadre. As the Secretary of Homeland Security, Michael Chertoff oversees and has managerial responsibility for the acts and omissions of FEMA.

6. Between November 2001 and March 2005, FEMA deployed Mr. Wheeler approximately 15 times for disaster response teams. During that time, Mr. Wheeler also attended various FEMA safety training courses.

7. Between November 2001 and March 2005, Mr. Wheeler received numerous awards and letters of recognition and appreciation due to his superior service with FEMA. Between November 2001 and March 2005, Mr. Wheeler underwent various training courses and

sessions and 17 FEMA Emergency Management Institute Independent study courses. Through FEMA, Mr. Wheeler completed several Annual Safety Cadre Disaster Support training courses, the Incident Command System Curricula "Train the Trainer" and The Hospital Emergency Response Training (HERT) for Weapons of Mass Destruction Events "Train the Trainer Course."

8. Between approximately July 2004 and March 2005, Judith Reilly ("Ms. Reilly") was the Acting Section Chief of the Occupational Safety and Health Section and Mr. Wheeler's supervisor. During that time and in that capacity, Ms. Reilly intentionally discriminated against Mr. Wheeler by, among other things:

    a) paying Mr. Wheeler less than other employees with less experience;

    b) interfering with Mr. Wheeler's job performance by telephoning him constantly, micro-managing his work, and instructing him to take actions that were not appropriate for the particular operations involved;

    c) creating a hostile work environment for Mr. Wheeler by talking loudly and publicly about him in negative terms, yelling at him, and speaking to him publicly in a degrading and unprofessional manner;

    d) refusing to give Mr. Wheeler favorable assignments;

    e) releasing Mr. Wheeler early from disaster assignments;

    f) denying Mr. Wheeler the opportunity to attend Top Off exercises and to receive additional training and/or experience that would qualify him for other assignments;

    g) refusing to promote Mr. Wheeler;

    h) further undermining Mr. Wheeler's ability to perform his job by advising other DAE personnel that she had a plan to terminate Mr. Wheeler for cause which was "in the works;"

    i) threatening to not transfer Mr. Wheeler to another cadre of DAE personnel if he asked the EEO and/or EEOC to intervene on his behalf;

///

j) refusing to transfer Mr. Wheeler to another cadre of DAE personnel after he complained to the EEO and/or EEOC about unfair and discriminatory treatment by his supervisor;

k) terminating Mr. Wheeler's employment and/or not renewing his contract with FEMA in or About March 31, 2005 for pretextual reasons and failing to provide timely notification of the foregoing; and

l) failing to assist and actively frustrating Mr. Wheeler in his efforts to obtain a replacement position.

9. The defendant's discriminatory actions to and with reference to Mr. Wheeler were continuous and occurred throughout Mr. Wheeler's employment. Although the last of those discriminatory acts was Mr. Wheeler's termination for pre-textual reasons, Mr. Wheeler is informed and believes, and on that basis alleges, that FEMA also intentionally discriminated against him during that same time in other ways not presently known to him but which will be proved at the trial of this action.

10. As a proximate result of the actions described above, Mr. Wheeler was denied certain assignments, denied valuable training and work experience, denied certain promotions, and ultimately terminated from his employment with FEMA. Mr. Wheeler therefore is entitled to compensatory damages in accordance with his proof at trial, including but not limited to damages as compensation for his lost back pay, missed promotions and lost front pay.

11. Mr. Wheeler is informed and believes, and on that basis alleges, that Ms. Reilly and FEMA intentionally discriminated against him when taking the actions described above. As a further proximate result of those actions, Mr. Wheeler has suffered severe emotional distress, mental anguish, worry and concern. Mr. Wheeler therefore is entitled to general damages in accordance with his proof at trial.

12. Mr. Wheeler is informed and believes, and on that basis alleges, that Ms. Reilly took the actions described above with malice and/or reckless indifference for Mr. Wheeler's federally-protected rights and that Ms. Reilly and others employed in a position of authority at

**COMPLAINT FOR DAMAGES**  **Page 4**

FEMA were aware of the actions described above, yet engaged in conduct to and with reference to Mr. Wheeler for which an award of punitive and/or exemplary damages is appropriate.

13. In the first week of May, 2005, Mr. Wheeler initiated contact with the EEO Agent for FEMA and asked for assistance in connection with the actions described above.

14. By letter dated September 2, 2005, the EEO Agent for FEMA advised Mr. Wheeler that it had been unable to resolve any issues related to the actions described above and that Mr. Wheeler could file a complaint with the EEOC.

15. On or about September 2, 2005, Mr. Wheeler filed a complaint with the EEOC which (among other things) charged that, through the acts described above, FEMA had unlawfully discriminated, harassed and retaliated against him because of his sex and/or age.

16. Although more than 180 days have passed since the date on which Mr. Wheeler filed his complaint with the EEOC, the EEOC has not taken a final action, nor has any appeal been filed. Pursuant to 29 CFR 1614.407, then, Mr. Wheeler is entitled to file this civil action.

17. Pursuant to 29 CFR 1614.410, the filing of this civil action automatically terminates all proceedings before the EEOC with respect to Mr. Wheeler's complaint. Before filing this civil action, Mr. Wheeler nevertheless advised the EEOC of his intention of doing so. Although his statutory right to file this civil action made it unnecessary for him to do so, Mr. Wheeler also asked that the EEOC promptly provide him with a right to sue letter.

18. Mr. Wheeler has been forced to retain attorneys in Contra Costa County, California to assist him with the prosecution of this action. Mr. Wheeler therefore is entitled to recover the attorneys' fees and costs he incurs by reason of the actions described above.

### FIRST CLAIM FOR RELIEF

**(Sex Discrimination -- Title VII of the Civil Rights Act of 1964)**

19. Mr. Wheeler incorporates by this reference all of the allegations in paragraphs 1 through 18 of this Complaint as though they were fully set forth herein.

///

20. Title VII makes it unlawful for an employer to discriminate against a person because of his or her sex in regard to hiring, termination, promotion, compensation, job training, or any other term, condition or privilege of employment. 42 U.S.C. §2000e-2(a)(1) and (2). As an adult male, Mr. Wheeler is a member of a class of persons protected by Title VII.

21. Mr. Wheeler is informed and believes, and on that basis alleges, that Mr. Wheeler's sex was a motivating factor behind the actions described above. By taking the actions described above, then, Ms. Reilly and FEMA violated Title VII by unlawfully discriminating against Mr. Wheeler because of his sex.

## SECOND CLAIM FOR RELIEF

### (Age Discrimination – Age Discrimination in Employment Act of 1967)

22. Mr. Wheeler incorporates by this reference all of the allegations in paragraphs 1 through 18 of this Complaint as though they were fully set forth herein.

23. The ADEA makes it unlawful for an employer to discriminate against a person because of his or her age in regard to any term, condition or privilege of employment, including but not limited to hiring, firing, promotion, layoff, compensation, benefits, job assignments and training. 29 U.S.C. §623(a)(1). As an adult male over the age of 40, Mr. Wheeler is a member of a class of persons protected by the ADEA.

24. Mr. Wheeler is informed and believes, and on that basis alleges, that Mr. Wheeler's age was a motivating factor behind the actions described above. By taking the actions described above, then, Ms. Reilly and FEMA violated the ADEA by unlawfully discriminating against Mr. Wheeler because of his age.

## THIRD CLAIM FOR RELIEF

### (Hostile Work Environment – Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act)

25. Mr. Wheeler incorporates by this reference all of the allegations in paragraphs 1 through 24 of this Complaint as though they were fully set forth herein.

26. The actions described above made Mr. Wheeler the subject of unlawful harassment based upon his sex, his age, or both.

27. The actions described above violated Title VII and the ADEA by, among other things, creating an objectively intimidating, hostile and offensive work environment that unreasonably interfered with Mr. Wheeler's work performance.

## FOURTH CLAIM FOR RELIEF

### (Reprisal – Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act of 1967)

28. Mr. Wheeler incorporates by this reference all of the allegations in paragraphs 1 through 27 of this Complaint as though they were fully set forth herein.

29. Mr. Wheeler's interaction with the EEO Agency for FEMA and his filing of a complaint with the EEOC regarding the actions described above was protected activity under Title VII, the ADEA, or both. FEMA was aware of that protected activity when some or all of the actions described above took place. Mr. Wheeler therefore is informed and believes, and on that basis alleges, that FEMA separately violated Title VII and/or the ADEA by taking some or all of the actions described above as a reprisal against Mr. Wheeler in retaliation for his interaction with the EEO Agency for FEMA and his filing of a complaint with the EEOC regarding the actions described above.

WHEREFORE, plaintiff Ernest C. Wheeler prays for judgment as follows:

a) Back pay with prejudgment interest and all the fringe benefits to which he is entitled;

b) Reinstatement or, to the extent reinstatement is not feasible, front pay and benefits;

c) Compensatory damages for his non-economic injuries in an amount authorized by Title VII and/or by the ADEA;

d) Punitive damages to punish and deter FEMA from future acts of employment discrimination in an amount authorized by Title VII and/or the ADEA;

e) Liquidated damages in an amount equal to twice his back pay losses as authorized by Title VII and/or the ADEA;

f) An award of reasonable counsel fees and costs to compensate him for having to prosecute this action against FEMA; and

g) Such other legal and equitable relief or may be just and proper under the circumstances.

## JURY DEMAND

Mr. Wheeler demands a trial by jury on all the issues in this action that are triable by law.

POHLS & ASSOCIATES

*[signature]*

Robert R. Pohls
Attorneys for Plaintiff
**Ernest C. Wheeler**