JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
NEILL T. TSENG (CABN 220348)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7155
   FAX: (415) 436-6748
   neill.tseng@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNEST C. WHEELER, ) | No. C 08-01738 SBA |
|    Plaintiff, ) | FEDERAL DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT |
| v. ) | |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, Federal Emergency Management Agency ) | |
|    Defendant. ) | |

   COMES NOW R. David Paulison, Administrator of the Federal Emergency Management Agency, a component of the Department of Homeland Security and on behalf of the Department of Homeland Security's Secretary Michael Chertoff (hereinafter "FEMA"), by the undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

   1.   Paragraph No. 1 of Plaintiff's Complaint contains conclusions of law and appears to be a description of the plaintiff's action to which no answer is required. To the extent an answer is deemed necessary, FEMA denies the allegations in paragraph No. 1.

   2.   FEMA admits the allegations in paragraph No. 2 of Plaintiff's Complaint.

   3.   Paragraph No. 3 of Plaintiff's Complaint contains a description of the party

C 08-01738 SBA
FED. DEF.'S ANSWER TO PL.'S COMPL.
1

plaintiff and no answer is required; to the extent that an answer may be required, FEMA states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

4.   There are two paragraphs numbered "4" in Plaintiff's Complaint. The first paragraph No. 4 of Plaintiff's Complaint is the Plaintiff's statement of venue that contains conclusions of law to which no answer is required; to the extent that a response is deemed necessary, FEMA states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph No. 4 and therefore denies same.

5.   The second paragraph No. 4 of Plaintiff's Complaint, under heading "Allegations Common to all Claims for Relief," incorporates by reference all allegations contained in paragraphs 1 through 3 of Plaintiff's Complaint as if fully set forth therein. No answer is required to the second paragraph No. 4, but to the extent an answer may be required, FEMA incorporates by reference as if set forth fully herein, all of its responses to paragraphs numbered 1 through 3 of Plaintiff's Complaint.

6.   FEMA admits the first two sentences in paragraph No. 5 of Plaintiff's Complaint. The third sentence in paragraph No. 5 of Plaintiff's Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, FEMA denies the same, except to admit Michael Chertoff is the Secretary of the Department of Homeland Security and FEMA is a component of the Department of Homeland Security.

7.   FEMA denies the allegations contained in paragraph No. 6 of Plaintiff's Complaint except to admit that between November 26, 2001 and March 2005, FEMA deployed the plaintiff approximately 12 times to disasters and deployed or activated Mr. Wheeler approximately three times for training including disaster specific training and Resolving Conflicts, that Mr. Wheeler completed Emergency Management Institute courses, "Incident Command System Curricula" in 2003 and "Hospital Emergency Response Training (HERT) for Weapons of Mass Destruction (WMD) Events Train the Trainer-Pilot 3.1 CEU" in 2004.

8.   FEMA denies the allegations contained in paragraph No. 7 of Plaintiff's

Complaint except to admit that the plaintiff received a 2003 Facilities Management and Services Award of two hundred dollars, a Gold Hammer Award certificate in September 2003, a Certificate of Recognition on October 9, 2003 and that any letters of recognition and appreciation due to his service with FEMA must speak for themselves, and FEMA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph No. 7.

9. Paragraph No. 8 of the Plaintiff's Complaint contains a statement of plaintiff's case and conclusions of law to which no answer is required and factual allegations. FEMA denies all of the allegations contained in paragraph No. 8 and subparagraphs a, b, c, d, e, f, g, h, i, j, k, and l of Plaintiff's Complaint, except to admit that between July 2004 and March 2005, Judith Reilly was the acting Section Chief of the Safety Section of the Safety and Security Branch, Facilities Management Division at FEMA-DHS and acted as the plaintiff's supervisor as indicated in the first sentence of paragraph No. 8.

10. Paragraph 9 of the Plaintiff's Complaint contains conclusions of law to which no response is required, and factual allegations. FEMA denies all allegations contained in paragraph No. 9.

11. Paragraph No. 10 of Plaintiff's Complaint contains conclusions of law to which no response is required and factual allegations. FEMA denies all allegations contained in paragraph No. 10.

12. Paragraph No. 11 of Plaintiff's Complaint contains conclusions of law, and damage claims to which no response is required; to the extent an answer is deemed necessary, FEMA denies all allegations contained in paragraph No. 11.

13. Paragraph No. 12 of Plaintiff's Complaint contains conclusions of law and damage claims to which no response is required and factual allegations. FEMA denies all allegations contained in paragraph No. 12.

14. In answer to paragraph No. 13, FEMA's information and belief is that Plaintiff initiated contact with the EEO Agent for FEMA on June 5, 2005. On that basis, FEMA denies

1  all allegations contained in paragraph No. 13.

2      15.    FEMA denies all allegations contained in paragraph No. 14; except to admit that on September 2, 2005 FEMA's Office of Equal Rights notified the plaintiff of his right to file a formal complaint with the Equal Employment Opportunity Commission, and that the letter speaks for itself.

    16.    Paragraph No. 15 of Plaintiff's Complaint contains conclusions of law to which no answer is required; to the extent an answer is deemed necessary, FEMA denies the allegations except to admit that on or about September 8, 2005 the plaintiff's formal EEO complaint alleging discrimination was filed with FEMA's Office of Equal Rights, and the complaint speaks for itself.

    17.    Paragraph No. 16 of Plaintiff's Complaint contains conclusions of law to which no answer is required; to the extent an answer is deemed necessary, FEMA denies the allegations except to admit that more than 180 days have passed since the date that Mr. Wheeler filed his formal EEO complaint on September 8, 2005, and that the EEOC dismissed the plaintiff's EEO complaint on April 1, 2008, and that no appeal has been filed to the best of FEMA's knowledge.

    18.    Paragraph No. 17 of Plaintiff's Complaint contains conclusions of law to which no answer is required; to the extent an answer is deemed necessary, FEMA denies the allegations except to admit that in response to Mr. Wheeler's counsel's correspondence with the EEOC, the EEOC dismissed the plaintiff's EEO complaint on April 1, 2008, and that the papers must speak for themselves and that no appeal has been filed with the EEOC regarding the plaintiff's complaint to the best of FEMA's knowledge and information.

    19.    FEMA is without sufficient information to form a belief as to the truth or falsity of the first sentence of paragraph No. 18 of Plaintiff's Complaint, and the second sentence of paragraph No. 18 of Plaintiff's Complaint contains plaintiff's claims for relief and conclusions of law to which no answer is required; to the extent an answer is deemed necessary, FEMA denies all allegations.

    20.    Paragraph No. 19 of Plaintiff's Complaint under heading "Sex Discrimination -

Title VII of the Civil Rights Act of 1964" incorporates by reference all of the allegations in paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth therein. No answer is required to paragraph No. 19, but to the extent an answer may be required, FEMA incorporates by reference as if set forth fully herein, all of its responses to paragraphs numbered 1 through 18, including the second paragraph number 4, of Plaintiff's Complaint.

21. Paragraph No. 20 of Plaintiff's Complaint contains conclusions of law to which no answer is required; to the extent an answer is deemed necessary, FEMA denies all allegations contained in paragraph No. 20 of Plaintiff's Complaint.

22. Paragraph No. 21 of Plaintiff's Complaint contains conclusions of law to which no answer is required; to the extent an answer is deemed necessary, FEMA denies all allegations contained in paragraph No. 21 of Plaintiff's Complaint.

23. Paragraph No. 22 of Plaintiff's Complaint under heading "Age Discrimination - Age Discrimination in Employment Act of 1967" incorporates by reference all of the allegations in paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth therein. No answer is required to paragraph No. 22, but to the extent an answer may be required, FEMA incorporates by reference as if set forth fully herein, all of its responses to paragraphs numbered 1 through 18, including the second paragraph number 4, of Plaintiff's Complaint.

24. Paragraph No. 23 of Plaintiff's Complaint contains conclusions of law to which no answer is required; to the extent an answer is deemed necessary, FEMA denies all allegations contained in paragraph No. 23 of Plaintiff's complaint.

25. Paragraph No. 24 of Plaintiff's Complaint contains conclusions of law to which no answer is required; to the extent an answer is deemed necessary, FEMA denies all allegations contained in paragraph No. 24 of Plaintiff's Complaint.

26. Paragraph No. 25 of Plaintiff's Complaint under heading "Hostile Work Environment - Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act" incorporates by reference all of the allegations in paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth therein. No answer is required to paragraph No. 25, but to the

1  extent an answer may be required, FEMA incorporates by reference as if set forth fully herein, all
2  of its responses to paragraphs numbered 1 through 24, including the second paragraph number 4,
3  of Plaintiff's Complaint.

4       27.    Paragraph No. 26 of Plaintiff's Complaint contain conclusions of law to which no
5  answer is required; to the extent an answer is deemed necessary, FEMA denies all allegations
6  contained in paragraph No. 26 of Plaintiff's Complaint.

7       28.    Paragraph No. 27 of Plaintiff's Complaint contain conclusions of law to which no
8  answer is required; to the extent an answer is deemed necessary, FEMA denies all allegations
9  contained in paragraph No. 27 of Plaintiff's Complaint.

10      29.    Paragraph No. 28 of Plaintiff's Complaint under heading "Reprisal - Title VII of
11 the Civil Rights Act of 1964 and Age Discrimination in Employment Act of 1967" incorporates
12 by reference all of the allegations in paragraphs 1 through 27 of Plaintiff's Complaint as if fully
13 set forth therein.  No answer is required to paragraph No. 28, but to the extent an answer may be
14 required, FEMA incorporates by reference as if set forth fully herein, all of its responses to
15 paragraphs numbered 1 through 28, including the second paragraph number 4, of Plaintiff's
16 Complaint.

17      30.    Paragraph No. 29 of Plaintiff's Complaint contains conclusions of law to which no
18 answer is required; to the extent an answer is deemed necessary, FEMA denies all allegations
19 contained in paragraph No. 29 of Plaintiff's Complaint.

20      31.    Unnumbered paragraph beginning "Wherefore" contains conclusions of law, and
21 the plaintiff's damage claims to which no answer is required; to the extent an answer is deemed
22 necessary, FEMA denies all allegations contained in unnumbered paragraph beginning
23 "Wherefore".

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

There is no jurisdiction under Title VII because Plaintiff failed to exhaust his

administrative remedies as most of Plaintiff's allegations were not timely raised during administrative proceedings.

    Wherefore, FEMA requests:

    1.    A judgment dismissing Plaintiff's Complaint herein with prejudice and awarding FEMA's costs and disbursements in this action; and

    2.    That Plaintiff take nothing in this action; and

    3.    Such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 16, 2008              /s/
NEILL T. TSENG
Assistant United States Attorney