1  Thomas G.F. Del Beccaro (California Bar #132351)
   **Del Beccaro, Hornsby & Blake**
2  800 So. Broadway, Suite 301
   Walnut Creek, California 94596
3  Telephone: (925) 280-4487
   Facsimile: (925) 284-2015
4
   Robert R. Pohls (California Bar #131021)
5  Stacey L. Leask (California Bar #233281)
   **Pohls & Associates**
6  12657 Alcosta Boulevard, Suite 150
   San Ramon, California 94583
7  Telephone: (925) 973-0300
   Facsimile: (925) 973-0330
8
9  Attorneys for Plaintiff **Ernest C. Wheeler**

10 JOSEPH P. RUSSONIELLO (CABN 44332)
11 United States Attorney
   JOANN M. SWANSON (CABN 88143)
12 Chief, Civil Division
13 NEILL T. TSENG (CABN 220348)
   Assistant United States Attorney
14     450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
15     Telephone: (415) 436-7155
       FAX: (415) 436-6748
16     Email: neill.tseng@usdoj.gov
17
18 Attorneys for Federal Defendant

19                     UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21                             OAKLAND DIVISION

22

23 ERNEST C. WHEELER,              )   Case No. C 08-01738 SBA
                                   )
24         Plaintiff,              )   **JOINT CASE MANAGEMENT**
       v.                          )   **STATEMENT**
25                                 )
   MICHAEL CHERTOFF, SECRETARY,    )   DATE:       July 2, 2008
26 DEPARTMENT OF HOMELAND          )   TIME:       3:15 p.m.
   SECURITY, FEDERAL EMERGENCY    )   COURTROOM:  3 (Telephonic)
27 MANAGEMENT AGENCY,              )
                                   )
28         Defendant.              )
                                   )

Plaintiff Ernest C. Wheeler ("Wheeler") and defendant Michael Chertoff, Secretary, Department of Homeland Security, Federal Emergency Management Agency ("FEMA") hereby submit the following Joint Case Management Statement:

**1. Jurisdiction and Service.**

Wheeler asserts federal jurisdiction pursuant to 28 U.S.C. Section 1331 as an action arising under the laws of the United States. Specifically, Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. Section 2000e, et seq. (amended in 1972, 1978, and by the Civil Rights Act of 1991) and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. Section 621, et seq. (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986).

FEMA was served on April 15, 2008, in the manner prescribed by Rule 4(i) of the Federal Rules of Civil Procedure.

**2. Facts.**

On or about November 26, 2001, Wheeler was hired by FEMA as a Disaster Assistance Employee ("DAE"). Wheeler was hired as a Safety Officer, C-1 level, and assigned to the Headquarters Safety Cadre. Michael Chertoff is the Secretary of the Department of Homeland Security and FEMA is a component of the Department of Homeland Security.

Between approximately July 2004 and March 2005, Judith Reilly ("Reilly") was the Acting Section Chief of the Safety Section of the Safety and Security Branch, Facilities Management Division at FEMA-DHS and acted as Wheeler's supervisor. Wheeler alleges that, during that time and in that capacity, Reilly intentionally discriminated against him by, among other things:  a) paying Wheeler less than other employees with less experience; b) interfering with Wheeler's job performance by telephoning him constantly, micro-managing his work, and instructing him to take actions that were not appropriate for the particular operations involved; c) creating a

hostile work environment for Wheeler by talking loudly and publicly about him in negative terms, yelling at him, and speaking to him publicly in a degrading and unprofessional manner; d) refusing to give Wheeler favorable assignments; e) releasing Wheeler early from disaster assignments; f) denying Wheeler the opportunity to attend Top Off exercises and to receive additional training and/or experience that would qualify him for other assignments; g) refusing to promote Wheeler; h) further undermining Wheeler's ability to perform his job by advising other DAE personnel that she had a plan to terminate Wheeler for cause which was "in the works;" i) threatening to not transfer Wheeler to another cadre of DAE personnel if he asked the EEO and/or EEOC to intervene on his behalf; j) refusing to transfer Wheeler to another cadre of DAE personnel after he complained to the EEO and/or EEOC about unfair and discriminatory treatment by his supervisor; k) terminating Wheeler's employment and/or not renewing his contract with FEMA in or about March 31, 2005 for pretextual reasons and failing to provide timely notification of the foregoing; and l) failing to assist and actively frustrating Wheeler in his efforts to obtain a replacement position.

FEMA denies Wheeler's allegations.  FEMA asserts that Wheeler was hired as a temporary and intermittent DAE whose appointment expired automatically at the end of his term under the authority of the Robert T. Stafford Disaster and Emergency Relief Act, 42 U.S.C. § 5149(b), which authorizes FEMA to maintain a cadre of temporary and intermittent employees outside the authority of Title 5 of the United States Code to enable a prompt and efficient response to Presidentially-declared disasters, and that Wheeler's appointment was not renewed after he engaged in inappropriate conduct.

**3. Legal Issues.**

The legal issues are as follows:
(a) Whether FEMA violated Title VII by discriminating against Wheeler because of his sex (male).
(b) Whether FEMA violated the ADEA by discriminating against Wheeler because of his age.
(c) Whether FEMA violated Title VII by creating a hostile work environment for Wheeler because of his sex (male).

  (d) Whether FEMA violated Title VII by creating a hostile work environment for Wheeler because of his age.

  (e) Whether FEMA violated Title VII and/or the ADEA by retaliating against Wheeler for protected activity taken under Title VII and/or the ADEA.

  (f) The nature and extent of Wheeler's alleged damages.

**4. Motions.**

There are no pending or prior motions in this action.  Both parties reserve the right to, and FEMA intends to, file a motion for summary judgment and/or for partial summary judgment.

**5. Amendment of Pleadings.**

The parties do not anticipate amending the pleadings in this action.

**6. Evidence Preservation.**

Both parties are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.  FEMA is presently aware of no document destruction program that would apply in this case.

**7. Disclosures.**

Pursuant to the Order Setting Initial Case Management Conference herein, both parties will make the initial disclosures prescribed by Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure on or before June 25, 2008.

**8. Discovery.**

The parties have not yet conducted any formal discovery in this action.  However, Wheeler plans to depose his former supervisor and several third party witnesses, and FEMA plans to depose Wheeler and several other third party witnesses.  Both parties also reserve the right to propound written discovery after reviewing the other's initial disclosures.

The parties do not anticipate a need to limit or modify the discovery rules for this case.

**9. Class Actions.**

Not Applicable.

**10. Related Cases.**

None.

**11. Relief.**

Wheeler's complaint prays for:  a) back pay with prejudgment interest and all the fringe benefits to which he is entitled; b) reinstatement or, to the extent reinstatement is not feasible, front pay and benefits; c) compensatory damages for his non-economic injuries in an amount authorized by Title VII and/or by the ADEA; d) punitive damages to punish and deter FEMA from future acts of employment discrimination in an amount authorized by Title VII and/or the ADEA; e) liquidated damages in an amount equal to twice his back pay losses as authorized by Title VII and/or the ADEA; f) an award of reasonable counsel fees and costs to compensate him for having to prosecute this action against FEMA; and g) such other legal and equitable relief or may be just and proper under the circumstances.
FEMA seeks dismissal and costs, and such other relief as the court may deem appropriate.

**12. Settlement and ADR.**

Settlement discussions at the administrative stage were not successful.  There have been no settlement discussions in the court action to date.  The parties have stipulated to mediation to take place by September 10, 2008.  The assigned mediator is G. Scott Emblidge.

**13. Consent to Magistrate Judge for All Purposes.**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References.**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**

None at this time.

//

**16. Expedited Schedule.**

The parties agree that this is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling.**

The parties propose the following schedule:

Fact discovery cutoff:  March 6, 2009

Expert disclosure:  February 24, 2009

Expert rebuttal:  March 10, 2009

Expert discovery cutoff:  April 1, 2009

Dispositive motion filing deadline:  April 21, 2009

Pretrial conference: June 2, 2009

Trial begins:  June 29, 2009

**18.  Trial.**

Wheeler has demanded that his claims in this action be tried to a jury.

Wheeler estimates that the trial of this action will consume between 10 and 12 days.

FEMA estimates that trial will take between 5-7 days.

**19.  Disclosure of Non-party Interested Entities or Persons.**

Wheeler already has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Wheeler nonetheless restates his certification that, aside from the parties named in the Complaint, there is no person, firm, partnership, corporation (including parent corporations) or other entity known by him to have either: (a) a financial interest in the subject matter in controversy or in a party to the proceeding; or (b) any other kind of interest that could be substantially affected by the outcome of this proceeding.

//

1  As a governmental agency, FEMA is exempt from the disclosure requirement of Civil Local Rule 3-16.

**20. Other Matters.**

The parties are not currently aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully submitted,

***DEL BECCARO, HORNSBY & BLAKE***
***POHLS & ASSOCIATES***

DATED:  June 25, 2008       By:    /S/
                                   Thomas G. Del Beccaro
                                   Attorneys for Plaintiff **Ernest C. Wheeler**

DATED: June 25, 2008        JOSEPH P. RUSSONIELLO
                            United States Attorney


                               ___/S/
                            NEILL T. TSENG
                            Assistant United States Attorney
                            Attorneys for Defendant